IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSCOE LEWIS HOLLOWAY, # 154358, )<br>     )<br>     Petitioner,     )<br>     )<br>v.     )<br>     )<br>LEEPOSEY DANIELS, *et al.*,     )<br>     )<br>     Respondents.     ) | Civil Action No. 2:16cv395-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Roscoe Lewis Holloway on May 25, 2016. Doc. 1. Holloway challenges his 2012 guilty plea convictions for two counts of violating the Sex Offender Registration and Community Notification Act. The respondents argue that Holloway's petition is time-barred by the one-year federal limitation period for § 2254 petitions. Doc. 8 at 9–12. After reviewing the pleadings and other submissions, the court concludes that no evidentiary hearing is required and that Holloway's petition should be denied as untimely.

**II.   DISCUSSION**

**A.   AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1.   *Relevant State-Court Proceedings*

On May 16, 2012, Holloway pleaded guilty in the Randolph County Circuit Court to two counts of violating the Sex Offender Registration and Community Notification Act ("CNA").[1] On that same date, the trial court sentenced Holloway, as a habitual offender, to concurrent terms of 15 years of imprisonment.[2] Holloway took no direct appeal.

---

[1] At the time of his guilty plea, Holloway had previously been convicted of second-degree rape. Doc. 8-3. The two CNA violations to which he pleaded guilty were for (1) moving from his registered address to another residence without informing the police or sheriff's department, and (2) obscuring the "Sex Offender" designation on his Alabama identification card. *See* Doc. 8-5 at 1.

[2] In addition to his prior conviction for second-degree rape, Holloway also had prior convictions for failure to register as a sex offender, three counts of third-degree burglary, and third-degree robbery. *See* Doc. 8-5 at 36.

On December 20, 2012, Holloway filed what he styled as a "Petition for Writ of Habeas Corpus" in the Elmore County Circuit Court challenging his convictions for violating the CNA. Doc. 8-10 at 8–14.  The petition was transferred to the Randolph County Circuit Court, the court of conviction, to be treated as a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 8-10 at 21–26.  On March 3, 2014, the trial court entered an order denying the Rule 32 petition. Doc. 8-10 at 56. Holloway appealed, and on June 6, 2014 the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Doc. 8-13.  Holloway did not file for rehearing, and the Alabama Court of Criminal Appeals issued a certificate of judgment on June 25, 2014. Doc. 8-9 at 2.

On November 9, 2015, Holloway filed a second Rule 32 petition challenging his convictions for violating the CNA. Doc. 8-15 at 4–20.  On December 30, 2015, the trial court entered an order denying the Rule 32 petition. Doc. 8-15 at 40.  Holloway appealed, and on March 11, 2016 the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. Doc. 8-19.  Holloway's application for rehearing was overruled. Doc. 8-14 at 1.  Holloway filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on May 13, 2016. Doc. 8-14 at 1–2.  On the same date, the certificate of judgment issued. Doc. 8-14 at 2.

### 2. *Analysis of Timeliness of § 2254 Petition*

Under § 2244(d)(1)(A) of AEDPA, a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)).  Because Holloway

3

took no direct appeal, his conviction became final on June 27, 2012—42 days after his May 16, 2012 sentencing—because that was the date on which direct review could no longer be pursued. *See* Ala. R. App. P. 4(b)(1) (providing that criminal defendants in Alabama must file a notice of appeal within 42 days after sentencing); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Under § 2244(d)(1)(A), then, Holloway had until June 27, 2013, to file a § 2254 petition in this court, absent statutory or equitable tolling.

Section 2244(d)(2) of AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Holloway filed his first state Rule 32 petition on December 20, 2012. Under § 2244(d)(2), that filing tolled the federal limitation period. At that time, the one-year limitation period had run for 176 days (from June 27, 2012 to December 20, 2012). The state-court proceedings related to the Rule 32 petition concluded on June 25, 2014, when a certificate of judgment was issued in the appellate proceedings. On that date, Holloway had 189 days remaining within which to file a timely federal habeas petition.

Holloway filed his second Rule 32 petition in the trial court on November 9, 2015. That filing, however, did not toll the federal limitation period under § 2244(d)(2), because the limitation period ran unabated for the 189 days following June 25, 2014 before expiring on December 30, 2014. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal

habeas review. *Id*. Holloway filed his § 2254 petition with this court on May 25, 2016—well after the federal limitation period expired.

The tolling provisions in 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Holloway such that AEDPA's limitation period commenced on some date later than June 27, 2012 or (considering tolling under § 2244(d)(2)) expired on some date later than December 30, 2014. There is no evidence that an unlawful state action impeded Holloway from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Holloway submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence. *See* § 2244(d)(1)(D). Holloway also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

In rare circumstances, the federal limitation period may be equitably tolled on grounds besides those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Holloway makes no argument and brings forth no evidence demonstrating that he is entitled to equitable tolling, and the court knows of no reason for tolling the limitation period in this case.

### B.     Actual Innocence

Holloway does claim that he is actually innocent of the offenses to which he pleaded guilty in May 2012. The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup* that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

The two CNA violations to which Holloway pleaded guilty were for (1) moving from his registered address to another residence without informing the police or sheriff's

department, and (2) obscuring the "Sex Offender" designation on his Alabama identification card. *See* Doc. 8-5 at 1. To support his actual-innocence claim, Holloway submits a copy of an Alabama Bureau of Investigation Sex Offender Registration Form he executed on October 13, 2011, which purportedly shows that he properly reported his address change to law enforcement officials and was "properly registered at the address [to] which he was convicted of moving." Docs. 14 at 1 & 14-1. Without more, however, this exhibit does not demonstrate Holloway's innocence of the offense of changing his residence without notifying law enforcement officials to which he pleaded guilty in May 2012. It cannot be determined from this exhibit—or from other matters in the record—if the conduct to which Holloway pleaded guilty in May 2012 occurred before or after his execution of the sex offender registration form in October 2011. At most, the exhibit submitted by Holloway shows only that he gave law enforcement officials notice in October 2011 of a change in his address. The exhibit does not prove that Holloway complied with proper notification procedures prior to the conduct that formed the basis of his May 2012 guilty plea. Although not dispositive of the issue, the fact of Holloway's guilty plea strongly suggests that the conduct to which he pleaded guilty in May 2012 was not negated by the sex offender registration form he purportedly executed in October 2011, which he was aware of before pleading guilty and which he could have offered as evidence of his innocence, if indeed it constituted such evidence. Holloway does not sustain his claim of actual innocence here.

Holloway also maintains that the alteration of the "Sex Offender" designation on his Alabama identification card was caused by "a small amount of dye or substance" on

7

his wallet that had bled onto the card. Doc. 14 at 2. He argues that the "Sex Offender" designation on the card was not obscured enough to amount to a violation of the CNA. This explanation and argument about the degree of alteration of the "Sex Offender" designation on his identification card does not establish Holloway's factual innocence of the offense to which he pleaded guilty. Certainly it does not constitute new evidence. Rather, it is a new theory about evidence available to Holloway when he pleaded guilty. Again, Holloway does not sustain his claim of actual innocence.

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Holloway's is not such a case. For the reasons set forth above, Holloway's § 2254 petition is time-barred and his claims are not subject to further review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **May 21, 2018.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions

of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of May, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE